[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
On May 20, 1991 Eric Jankel (hereinafter "plaintiff") resigned from his position as executive director of the Narragansett Bay Water Quality Management District Commission (hereinafter NBC or the Commission) after serving as director for nearly 10 years. Thereafter, plaintiff entered into lengthy negotiations with NBC in order to determine the terms of his severance compensation, culminating in an "Employment Termination Agreement and Release" which was entered into by plaintiff and NBC. NBC promised to pay plaintiff $25,000 in "full settlement and satisfaction of all monies due or allegedly due" plaintiff from the Commission.
NBC's Labor Relations Coordinator, pursuant to R.I.G.L. §46-25-24, then filed a voucher with the State Division of Accounts and Control requesting issuance of the payment to plaintiff as provided for in the Termination Agreement. However, the controller refused to process the payment. NBC attempted twice more to have the payment processed but each time the controller refused to do so.
Plaintiff filed the instant action on April 5, 1992 seeking the issuance of an order directing the controller to issue a check in the amount of $25,000 to plaintiff and seeking to have the General Treasurer of Rhode Island sign the check. Defendants in this action, the controller and the Treasurer of the State of Rhode Island, claim that the Commission lacked legal authority to enter into the Termination Agreement with plaintiff and that therefore defendants are unable to pay plaintiff in accordance with the terms of the severance agreement.
On April 24, 1992, plaintiff and defendants, after a conference with Krause, J., agreed to stipulate to an agreed statement of facts and to file cross-motions for summary judgment in lieu of a declaratory judgment hearing. Oral arguments on the cross-motions for summary judgment were then heard before this Court after the submission of memoranda by the parties.
Plaintiff claims that he and NBC entered into a legal and valid agreement and that the controller has no authority to question the wisdom of the Commission's decision to compensate plaintiff. Defendants argue that the severance agreement was entered into during a period when the Commission was prohibited from making any personnel expenditures. Therefore, defendants contend, the controller correctly denied the Commission's request to issue the payment because such an expenditure was illegal.
R.I.G.L. § 26-25-8 outlines the procedure by which members and employees of the Commission are to be paid. The relevant portions of the section read as follows:
 46-25-8. Compensation — Personnel. — (a) The members of the commission shall be paid fifty dollars ($50.00) for attendance at a full commission meeting, up to a maximum of three thousand dollars ($3,000) per year as compensation, and shall be reimbursed for actual expenses incurred in carrying out their duties under this chapter, except that full time state and municipal employees shall not be paid for meetings held wholly during their normal working hours.
 (c) The commissioners shall employ an executive director who shall also be the secretary and who shall administer, manage, and direct the affairs and business of the corporation, subject to the policies, control, and direction of the commissioners. The commissioners may employ technical experts and other officers, agents, and attorneys and fix their qualifications, duties, and compensation. The executive director and such technical experts, officers, agents, and attorneys so employed shall be in the nonclassified service of the state of Rhode Island and exempt from the provisions of chapters 8, 9, and 10 of title 36. The commissioners may employ other employees, permanent and temporary, and the employees shall be subject to the provisions of the classified service of the state and subject to the provisions of chapters 8, 9, and 10 of title 36. The commissioners may delegate to one or more of its agents or employees such administrative duties as it may deem proper.
In 1991, the Rhode Island Legislature enacted a budget act. Article 23 of that act suspended the compensation authority of three entities, including the Narragansett Bay Commission. The Article stated:
 Section 1. Sections 16-59-7 of the General Laws relating to the officer of higher education, section 6-60-7 relating to the department of elementary and education, and section 46-25-8
relating to the Narragansett Bay Commission are suspended as they relate to the compensation of personnel for the period July 1, 1990, to June 30, 1992. For such period, increases in compensation for personnel employed pursuant to those sections of the general laws shall also be subject to approval by the unclassified pay board for unclassified and non-classified employees not subject to collective bargaining agreements.
 Section 2. This article shall take effect upon passage and shall be retroactive to July 1, 1990.
Defendants argue that this Article prevented the commission from entering into the severance agreement with plaintiff during the proscribed period because such an agreement related to "compensation of personnel." Defendant further claims that any severance agreement reached was also subject to approval of the Unclassified Pay Board.
Plaintiff was under a duty to give NBC 120 days notice prior to terminating his employment with the Commission. When plaintiff resigned from NBC, the Commission decided to give immediate effect to the resignation but agreed to compensate plaintiff for the following 120 days which plaintiff had been willing to work. The compensation during this 120 day period was originally calculated to amount to $38,789.80. However, the severance agreement which plaintiff and NBC eventually agreed to stated that plaintiff would receive $25,000 "in satisfaction of all monies due him, or allegedly due him, including, but not limited to vacation pay from the Commission."
Defendants argue that because plaintiff was supposed to be paid for 120 days after his resignation was effective, this sum of money actually constituted a "pay raise." Defendants' argument is not compelling. The settlement agreement reached between plaintiff and NBC encompassed "all monies due or possibly due to plaintiff" from NBC including payment for vacation days and health benefit reimbursements. Moreover, plaintiff agreed not to institute suit against NBC for any further compensation or claim. However ill-advised the agreement may have been, it is clear that the nature of the contract entered into between plaintiff and NBC relates to a severance agreement and not to a pay raise.
Article 23 of the 1991 Budget Act, mandated that the Unclassified Pay Board must approve increases in compensation
for personnel employed pursuant to § 46-25-8 (relating to the Narragansett Bay Commission). Here, plaintiff and NBC entered into a severance agreement whereby the parties agreed to pay plaintiff certain monies due to plaintiff for vacation pay, reimbursement of health benefit payments etc., upon plaintiff's resignation from his position as executive director of NBC. This severance agreement was not an "increase in compensation" nor a "pay raise" as defendants claim, and therefore the agreement was not subject to approval by the Unclassified Pay Board.
Next, defendants argue that the contract entered into between plaintiff and NBC at the very least related to "compensation of personnel" and that because the 1991 Budget Act suspended NBC's authority to make decisions regarding personnel compensation, the severance contract between plaintiff and NBC is not enforceable.
Article 23 of the 1991 Budget Act suspended R.I.G.L. §46-25-8 relating to the Narragansett Bay Commission with respect to the compensation of personnel. R.I.G.L. § 46-25-8 outlines the procedure by which employees of the Commission are to be paid. Specifically, it states that:
 1) Members of the Commission shall be paid $50.00 for attendance at meetings up to a maximum of $3000 per year as compensation and,
 2) Commissioners may employ technical experts, and other officers, agents and attorneys and fix their compensation.
Also, § 46-25-8 states that the commissioners shall employ an executive director and that the director so employed shall be in the non-classified service of the state. Section 46-25-8 doesnot outline how the director shall be compensated nor does it give the commission the power to fix the director's salary or enter into other contracts in regard to compensation. The only references to compensation in the statute involve payment to the commissioners themselves for attendance at meetings and payment for hired experts.
Because the statute does not give NBC the power to make decisions regarding the compensation of its executive director, Article 23 could not have suspended any such power. Although the authority for NBC to make such decisions may derive from other sources, it is clear that the power does not come from § 46-25-8
and that therefore NBC's authority to enter into a severance contract with plaintiff was not abrogated by Article 23 of the 1991 Budget Act.
The controller of Rhode Island is required under R.I.G.L. §35-6-1 to approve orders drawn on the general treasurer. Moreover, § 35-6-1 provides that "the preaudit of all expenditures under the authority of the legislative department by the state controller shall be purely ministerial, concerned only with the legality of the expenditure and availability of the funds, and in no event shall the state controller interpose his or her judgment regarding the wisdom or expediency of any item or items of expenditure." Because defendants have not demonstrated to this Court any evidence that the expenditure submitted by NBC for severance pay to plaintiff was illegal, plaintiff's motion for summary judgment is granted. An order consistent herewith shall be presented for entry within two weeks of the filing of this decision.